THOMPSON v. STEWART, ADM'R.

1. **Written Contract:** CONSTRUCTION: PAROL TO VARY OR EXPLAIN.
   A written contract to furnish "a room that is improved and suitable"
   for a certain purpose is fulfilled by furnishing such a room, and parol
   testimony is not admissible to show that some particular room was in-
   tended by the contracting parties.

2. ———: ———: CONSIDERATION: CONDITION. A contract to furnish a
   room for the space of ten years, without rent from the government, "is
   not violated by inserting in the lease to the government the nominal con-
   sideration of one dollar, and a provision for a forfeiture for the non-pay-
   ment of such nominal rent.

*Appeal from Johnson Circuit Court.*

MONDAY, DECEMBER 11.

ACTION UPON A CONTRACT. In December, 1874, the de-
fendant's intestate, Peter Roberts, and others, entered into a
written contract with Peter A. Dey, the plaintiff's assignor,
whereby they agreed to pay Dey annually certain sums of
money respectively, the amount agreed to be paid by Roberts
annually being $50. The contract is in these words: "For
and in consideration of the post-office being retained in its
present location in Iowa City, Iowa, and Peter A. Dey leas-
ing to the United Sates government a room that is improved
and suitable therefor, on the same lot it is now situated, for
the space of ten years, without rent from the government, we,
the undersigned subscribers, do hereby respectively agree to
pay Peter A. Dey, or his assigns, annually, the respective sums
set opposite our names, for ten years from the leasing by the
government aforesaid, providing said building is used so
long by the government for such purpose, and provided said
Peter A. Dey receives no compensation from the government
therefor during said term."

After the execution of the contract, Dey sold and conveyed
the premises to the plaintiff, and assigned to him the contract.
This action is brought to recover for six installments, and to

establish the plaintiff's right to four additional installments, as a claim against the estate. The defendant seeks to avoid the alleged liability, on the ground that Dey did not perform the contract upon his part. There was a trial without a jury, and judgment was rendered for the defendant. The plaintiff appeals.

*Baker & Ball* and *S. H. Fairall*, for appellant.

*L. Robinson* and *Boal & Jackson*, for appellee.

ADAMS, J.—It appears that, at the time the contract in question was entered into, the United States was occupying for a post-office, in Iowa City, a room in a building belonging to Dey, which building fronted on the principal street of the city, and was in one of the principal blocks; that the room thus occupied had been found to be too small, and was, for that reason, unsatisfactory to the government; that this fact coming to the knowledge of other property owners in the block, they became apprehensive lest the post-office should be removed; that a plan was devised for retaining the post-office, by furnishing additional room to the government, without extra expense; that Dey being the owner of a store room adjacent to the post-office room on the south, known as the Fink store, and also of a room in the rear of the post-office room on the east, the defendant's intestate, and others, who were property owners in the same block, offered to contribute something to Dey, by way of indemnity, if he would furnish to the government, free of rent, additional room for its post-office, so as to retain it where it was; that Dey accepted the offer, and defendant's intestate and others then executed to Dey the contract in question; that Dey then enlarged the post-office room by annexing thereto a portion of the Fink store, and also a room in the rear on the east; that he then leased the same to the government, for the period of ten years, and in leasing it allowed to be inserted in the lease a consideration of one dollar a year to be paid to him as rent.

*Marginal note:* 1. WRITTEN contract: parol to vary or explain

Evidence was introduced tending to show that the defendant's intestate, and the other subscribers to the indemnity fund, did not understand that the post-office room was to be enlarged by annexing to it a part of the Fink store and a room in the rear, but by annexing the whole of the Fink store, and no room in the rear, and that they signed the contract with such understanding, as Dey well knew; that the additional room furnished by Dey, was of less value to him than the whole of the Fink store, and the loss actually sustained by him was less than that for which they undertook to indemnify him.

Whether the evidence was sufficient to establish such fact, we do not determine, because we do not think that the evidence was admissible. Dey's contract was to furnish "a room that is improved and suitable." This he has done. So far as the character of the room is concerned, he has fulfilled his contract. He did not bind himself to furnish a particular room. He left himself unrestricted in that respect. If the subscribers to the fund did not regard it as sufficient at the time of their subscriptions that Dey should furnish "a room that is improved and suitable," they should not have so stipulated. They cannot now be permitted to add to the contract by parol.

The defendant contends that the evidence is admissible as explaining a latent ambiguity. But we think otherwise. If the contract had called for a particular room by a name or specific description, as "Fink store adjoining the post-office," and it was shown that there was a room by that name or description on each side, a latent ambiguity would have arisen which might be explained by parol. But the parties merely contracted for additional room improved and suitable. The contract is not different from a contract to furnish a certain number of bushels of wheat, of a given grade, or to furnish the use of a suitable horse for a given job. No ambiguity arises in its application to a particular thing, because by its own terms it does not purport to apply to a particular thing.

We come next to consider whether Dey furnished the addi-

tional room "without rent from the government," as the con-

2. ——: ——: tract of subscription provided that he should.
consideration:
condition.        The lease to the government provides that it
should pay "the yearly rent of one dollar in quarter yearly
payments." If that is rent within the meaning in which the
subscribers used the word, then the contract on Dey's part
was not performed.

Contracts are not necessarily to be construed according to
their strict letter. This is so when such construction would
defeat the manifest intent as gathered from the whole instru-
ment. Now it is manifest that the subscribers intended that
Dey should enter into a lease to the government which should
be sufficient to bind him. The nominal rent of one dollar
was manifestly inserted for that purpose and no other. It
appears to us that Dey attempted, in good faith, to carry out
the contract, and did carry it out in the only mode that was
practicable, so far as this point was concerned. The stipula-
tion against his receiving rent was, we think, merely designed
as a provision against his receiving double compensation.
But the insertion of a nominal rent of one dollar to support
the lease, does not contravene the subscriber's intention. It
would be absurd for a court to treat such rent as compensa-
tion.

One fact remains to be stated. The lease provides for a
forfeiture for non-payment of rent. This was unnecessary.
Dey would have performed his contract without such provis-
ion. But it does not change our view that the rent was nomi-
nal, and inserted for the mere technical purpose of upholding
the lease.

It is said, however, that the lease should have been an un-
conditional lease for the whole period of ten years, and not
being such, the contract has not been complied with. But
the lease is certainly a valid one, and will continue so if its
provisions are kept by the government, and so long as the
lease remains in force we do not think that the defendant can
complain.

Besides, suppose Dey or his assignee should declare a forfeiture. He would be bound under the contract of subscription to lease again to the government forthwith, and if he should do this, the defendant could not complain.

We think that the court erred in rendering judgment for the defendant.

REVERSED.